# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | | |
|---|---|---|
| CINDI MCCORMACK, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 14 CV 3551 |
| | ) | Hon. Marvin E. Aspen |
| MEDCOR, INC., | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION AND ORDER

MARVIN E. ASPEN, District Judge:

Presently before us is Defendant's motion to dismiss Counts II, IV, and V of Plaintiff's complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). For the reasons stated below, we grant Defendant's motion in its entirety.

## BACKGROUND

Plaintiff Cindi McCormack ("McCormack") filed a complaint against Defendant Medcor, Inc. ("Medcor"), alleging that her former employer retaliated against her for taking protected medical leave pursuant to the Family Medical Leave Act ("FMLA") (Count 1); discriminated against her on the basis of her disability and wrongfully terminated her in violation of public policy (Count 2); breached its duties under the employment contract (Count 3); breached an implied covenant of good faith and fair dealing in the employment contract (Count 4); and violated the California Labor Code (Count 5).

Medcor, a corporation headquartered in Illinois, maintains offices and does business in multiple states. (Compl. ¶ 2.) It provides services to clients on-site at large client locations and through telephone calls at smaller locations. (*Id*.) When Medcor first hired McCormack in

1

April 2003, she resided in Washington state. (*Id.* ¶ 7; Mem. at 2.) She moved to California in May 2011 for personal reasons. (Resp. at 2.) McCormack worked from home and also traveled to Medcor's clinics in Washington, Colorado, Wyoming, New Mexico, and Texas. (*Id.*) While Medcor maintains offices in California, McCormack's work was not related to its business in that state. (Compl. ¶ 2; Mem. at 2.)

In December 2011, McCormack suffered a "nervous breakdown" and went on medical leave at her doctor's recommendation. (Compl. ¶ 10.) Medcor granted McCormack's request for leave pursuant to the FMLA, with a return date of January 31, 2012. (*Id.*) When McCormack requested a leave extension until February 19, 2012, based on her doctor's recommendation, Medcor informed her that if she did not return to work by February 1, 2012, the company would begin looking for her replacement. (*Id.* ¶¶ 11–12.) McCormack communicated with her supervisors and the human resources department located in Illinois regarding her separation. (*Id.* ¶¶ 12–20.) She was in California at the time her employment ended. (Resp. at 2.)

McCormack originally filed this action in the Superior Court of California, County of San Joaquin, on August 20, 2013. (*See* Compl.) Medcor removed the case to the United States District Court for the Eastern District of California on September 26, 2013. (Resp. at 2.) Medcor then moved to transfer venue to this court pursuant to 28 U.S.C. § 1404(a), which the California district court granted on May 14, 2014. (*Id.*)

**STANDARD OF REVIEW**

A motion to dismiss under Rule 12(b)(6) is meant to test the sufficiency of the complaint, not to decide the merits of the case. *Gibson v. City of Chi.*, 910 F.2d 1510, 1520 (7th Cir. 1990). To survive a motion to dismiss, the complaint must contain a "short and plain statement of the

2

claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Specifically, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 1949 (2009) (citing *Bell Atl. Corp. v. Twombly*, 540 U.S. 544, 555, 127 S. Ct. 1955, 1964–65 (2007)). The plausibility standard "is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* Thus, while a complaint need not give "detailed factual allegations," it must provide more than "labels and conclusions, and a formulaic recitation of the elements of a cause of action." *Twombly*, 540 U.S. at 545, 127 S. Ct. at 1964–65; *Killingsworth v. HSBC Bank Nevada, N.A.*, 507 F.3d 614, 618–19 (7th Cir. 2007). The statement must be sufficient to provide the defendant with "fair notice" of the claim and its basis. *Twombly*, 540 U.S. at 545, 127 S. Ct. at 1964 (quoting *Conley v. Gibson*, 355 U.S. 41, 47, 78 S. Ct. 99, 102 (1957)); *Tamayo v. Blagojevich*, 526 F.3d 1074, 1083 (7th Cir. 2008). In evaluating a motion to dismiss, we must accept all well-pleaded allegations in the complaint as true and draw all reasonable inferences in the plaintiff's favor. *Thompson v. Ill. Dep't of Prof'l Reg.*, 300 F.3d 750, 753 (7th Cir. 2002).

**DISCUSSION**

McCormack, a California resident, brings this action against Medcor, the Illinois-headquartered employer that discharged her. (Compl. ¶ 1; Mem. at 2.) McCormack argues that California law applies to the merits of this case, while Medcor argues that Illinois law applies. Relying on Illinois law, Medcor also asserts that Counts II, IV, and V should be dismissed for failure to state a claim. We will first resolve which state law applies, and then evaluate the sufficiency of McCormack's complaint.

3

**I.     CHOICE-OF-LAW**

Before we evaluate whether McCormack adequately pleads a cause of action, we must first determine whether Illinois or California law governs the claims at issue. When a defendant transfers venue under 28 U.S.C. § 1404(a), the transferee court must generally apply the law of the state where the action originated to the plaintiff's claims. *Van Dusen v. Barrack*, 376 U.S. 612, 639, 84 S. Ct. 805, 821 (1964); *Anderson v. Aon Corp.*, 614 F.3d 361, 365 (7th Cir. 2010). This principle also requires use of the originating state's choice-of-law rules. *Downing v. Abercrombie & Fitch*, 265 F.3d 994, 1005 (9th Cir. 2001); *Smidt v. Drobny*, 96 C 8360, 1997 WL 797669, at *3 (N.D. Ill. Dec. 24, 1997) (citing *Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 244, 102 S. Ct. 252, 260 (1981)). This action was transferred from California, thus we will look to the choice-of-law rules applied in that state.

California uses a three-part governmental interest test to resolve choice-of-law issues. *Sullivan v. Oracle Corp.*, 51 Cal. 4th 1191, 1202, 254 P.3d 237, 245 (Cal. 2011); *Kearney v. Salomon Smith Barney, Inc.*, 39 Cal. 4th 95, 107–08, 137 P.3d 914, 922 (Cal. 2006). Using the governmental interest approach, the court must determine: (1) whether the foreign law materially differs from California law; (2) the nature and extent of each state's interest in the application of its own law; and (3) which state's interest would be more impaired if its laws were not applied. *Sullivan*, 51 Cal. 4th at 1202, 254 P.3d at 245; *Kearney*, 39 Cal. 4th at 107–08, 137 P.3d at 922. Absent a governing contractual choice-of-law stipulation, California courts examine the relative contacts with each state to determine each jurisdiction's interest. *Edwards v. U.S. Fid. & Guar. Co.*, 848 F. Supp. 1460, 1465 (N.D. Cal. 1994); *Expansion Pointe Props. Ltd. P'ship v. Procopio, Cory, Hargreaves & Savitch, LLP*, 152 Cal. App. 4th 42, 59, 61 Cal. Rptr. 3d 166, 179 (Cal. Ct. App. 2007). This inquiry includes where the contract was negotiated, executed, and

performed, the location of the subject matter of the contract, and the parties' residence and place of business. *Edwards*, 848 F. Supp. at 1465 (quoting Restatement (Second) of Conflict of Laws § 188(2)); *Expansion Pointe*, 152 Cal. App. 4th at 59, 61 Cal. Rptr. 3d at 179.

**A. California and Illinois law Materially Differ**

We will first assess whether Illinois and California law materially differ with regard to Counts II, IV, and V. For the reasons stated below, we find that they do.

<u>i. Count II: Wrongful Termination</u>

Count II of McCormack's complaint alleges that Medcor discriminated against her on the basis of her disability, and wrongfully terminated her in violation of public policy. McCormick brings this count as a common law claim under the disability discrimination provisions of the California Fair Employment and Housing Act ("FEHA"). *See* Cal. Gov. Code § 12940. California and Illinois both recognize a common law cause of action for wrongful termination in violation of public policy, but Illinois's law is far narrower, as discussed below.

The FMLA and the Americans with Disabilities Act ("ADA") both provide statutory remedies for wrongful termination. 29 U.S.C. § 2615; 42 U.S.C. § 12112. Medcor concedes that in addition to those remedies, California law permits distinct common law claims for wrongful termination. (Mem. at 6.) *Hernandez v. MidPen Hous. Corp.*, 13 C 5983, 2014 WL 2040144, at *5 (N.D. Cal. May 16, 2014); *Violan v. On Lok Senior Health Serv.*, 12 C 5739, 2013 WL 6907153, at *5 (N.D. Cal. Dec. 31, 2013); *see Stevenson v. Superior Court*, 16 Cal. 4th 880, 889, 941 P.2d 1157, 1161 (Cal. 1997); *Tameny v. Atl. Richfield Co.*, 27 Cal. 3d 167, 170, 610 P.2d 1330, 1331 (Cal. 1980). Illinois courts, however, do not usually allow common law claims where a statutory anti-retaliation provision provides an alternative remedy. *O'Connell v. Cont'l Elec. Constr. Co.*, 11 C 2291, 2011 WL 4916464, at *10 (N.D. Ill. Oct. 17, 2011); *Stebbings v.*

5

*Univ. of Chi.*, 312 Ill. App. 3d 360, 366, 726 N.E.2d 1136, 1141 (1st Dist. 2000). Indeed, McCormack concedes that she could not file her common law tort claim for discriminatory discharge in Illinois. (Resp. at 4.) Therefore, California and Illinois law conflict with regard to Count II.

### ii. Count IV: Breach of Implied Covenant of Good Faith and Fair Dealing

In Count IV, McCormack alleges that Medcor breached an implied covenant of good faith and fair dealing in the employment contract. Specifically, she claims that Medcor breached the implied covenant by terminating her in interference with the performance of the contract and by refusing to pay her bonus. (Compl. ¶¶ 21, 45–46.)

California law implies a covenant of good faith and fair dealing in every contract. *Kelly v. Skytel Commc'ns, Inc.*, 32 F. App'x 283, 285 (9th Cir. 2002); *Carma Developers (Cal.), Inc. v. Marathon Dev. Cal., Inc.*, 2 Cal. 4th 342, 371, 826 P.2d 710, 726 (Cal. 1992); *see* Restatement (Second) of Contracts § 205 (1981). For example, the California Supreme Court has noted that "the covenant might be violated if termination of an at-will employee was a mere pretext to cheat the worker out of another contract benefit to which the employee was clearly entitled, such as compensation already earned." *Guz v. Bechtel Nat. Inc.*, 24 Cal. 4th 317, 353 n.18, 8 P.3d 1089, 1112 (Cal. 2000). Illinois law, on the other hand, does not recognize an independent cause of action for breach of an implied duty of good faith and fair dealing between an employer and an employee. *Marron v. Eby-Brown Co., LLC*, 11 C 2584, 2012 WL 182234, at *3 (N.D. Ill. Jan. 23, 2012); *Harrison v. Sears, Roebuck & Co.*, 189 Ill. App. 3d 980, 993, 546 N.E.2d 248, 256 (4th Dist. 1989). Therefore, California and Illinois law conflict with regard to Count IV.

6

### iii. Count V: Failure to Pay Wages Upon Termination

In Count V, McCormack alleges that Medcor violated the California Labor Code by failing to pay her a bonus that she earned before her termination. (Compl. ¶¶ 21, 51.) McCormack argues that California and Illinois law do not substantively differ on this issue because both states require employers to pay wages earned at or around the time of separation. (Resp. at 7–8.) Medcor, on the other hand, contends that the states' laws do differ because Illinois law would not consider McCormack's bonus to be an "earned wage." (Reply at 8–9.)

The California Labor Code provides that "[i]f an employer discharges an employee, the wages earned and unpaid at the time of discharge are due and payable immediately." Cal. Labor Code § 201(a). The Illinois Wage Payment and Collection Act ("IWPCA") provides that "[e]very employer shall pay the final compensation of separated employees in full, at the time of separation, if possible, but in no case later than the next regularly scheduled payday for such employee." 820 ILCS 115/5. Both states impose penalties if wages are not timely paid upon termination. Cal. Labor Code § 203; 830 ILCS 115/14(a).

Nonetheless, Medcor argues that there is a conflict between Illinois and California law over the type of bonus that an employee is entitled to receive upon separation. In California, incentive-based bonuses fit under the California Labor Code's definition of "wages," which are owed at the time of discharge. *Kempf v. Barret Bus. Servs., Inc.*, 6 C 3161, 2007 WL 4167016, at *2 (N.D. Cal. Nov. 20, 2007); *Neisendorf v. Levi Strauss & Co.*, 143 Cal. App. 4th 509, 521–22, 49 Cal. Rptr. 3d 216, 224–25 (Cal. Ct. App. 2006). Alternatively, Illinois courts have held that conditional or discretionary bonuses are not "earned" income recoverable under the IWPCA. *Hess v. Kanoski & Assocs.*, 9 C 3334, 2014 WL 1282572, at *7 (C.D. Ill. Mar. 28, 2014); *McLaughlin v. Sternberg Lanterns, Inc.*, 395 Ill. App. 3d 536, 544, 917 N.E.2d 1065, 1071 (2nd

Dist. 2009). Illinois's exclusion of conditional bonuses from the meaning of "earned wages" means that the two states' laws materially differ with regard to Count V.

Because California and Illinois law materially differ with regard to Counts II, IV, and V, we will examine and then compare each state's interest.

**B. Illinois's and California's Interests**

Having found that California and Illinois law materially differ, we turn to the second step in California's governmental interest test and consider each state's interest in applying its law. McCormack argues that California law should apply because she is a California resident, the injury (her termination) occurred in California, and California has the greater interest in protecting its residents in the employment context. (Resp. at 2, 5.) California plainly has a strong interest in providing its residents with employment protection. California courts have held that the state's FEHA is a substantial, fundamental, and well-established public policy of the state. *City of Moorpark v. Superior Court*, 18 Cal. 4th 1143, 1160–61, 959 P.2d 752 (Cal. 1998); *Stevenson v. Superior Court*, 16 Cal. 4th 880, 895, 941 P.2d 1157, 1165 (Cal. 1997). State law even extends to nonresidents when they perform work in the state. *Sullivan*, 51 Cal. 4th at 1206, 254 P.3d at 246–47. "[A] company that conducts business in numerous states ordinarily is required to make itself aware of and comply with the law of a state in which it chooses to do business." *Id*. at 1205, 254 P.3d at 246.

While California has an interest in protecting its residents and workers, Illinois also has an interest in having its law applied in this matter. As mentioned earlier, Medcor is headquartered in Illinois. (Mem. at 2.) Medcor sent McCormack her original offer of employment from Illinois to Washington, where she resided at the time. (*Id*.) The decisions about McCormack's medical leave were made by the company's employees in Illinois, and her

8

personnel file is located at company headquarters in that state. (*Id*.) Although Medcor does business in California, McCormack's work was not related to its business there. (Compl. ¶ 2; Mem. at 2.) McCormack spent approximately forty-percent of her time working from home in California and the remainder traveling to Medcor clinics in other Western states. (Resp. at 2.) Based on these allegations, California and Illinois both have an interest in applying their state's law.

**C. Illinois's Interests Would be More Impaired**

When application of the governmental interest approach finds a "true conflict" between two states' interest in having their own laws apply, the court must conduct a "comparative impairment analysis." *Engel v. CBS Inc.*, 981 F.2d 1076, 1081 (9th Cir. 1992); *Paulo v. Bepex Corp.*, 792 F.2d 894, 895 (9th Cir.1986). Here, both California and Illinois have an interest in protecting their citizens' employment rights, but each state's laws governing those rights materially differ. For the reasons stated below, Illinois' interests would be more impaired if its law was not applied.

California courts analyze the relevant contacts with each state to determine the strength of governmental interests. *Edwards*, 848 F. Supp. at 1465; *Expansion Pointe*, 152 Cal. App. 4th at 59, 61 Cal. Rptr. 3d at 179. Relevant contacts include: "(1) the place of contract formation; (2) the place of negotiation; (3) the place of performance; (4) the location of the subject matter of the contract; and (5) the residence or place of incorporation and place of business of the parties." *Edwards*, 848 F. Supp. at 1465 (quoting Restatement (Second) of Conflict of Laws, § 188(2)); *Savitch*, 152 Cal. App. 4th at 59, 61 Cal. Rptr. 3d at 179. Here, the most relevant factors favor Illinois's interests above California's. The contract negotiation and execution occurred between Medcor in Illinois and McCormack in Washington. (Mem. at 2.) Although McCormack now

9

resides in California, her work did not relate to Medcor's California business. (Compl. ¶ 2; Mem. at 2.) McCormack performed her duties under the contract from her home in California and from several Western states, but not usually from Illinois, where she spent only six days in 2011. (Resp. at 2.) On the other hand, she did report to supervisors in Illinois. (Mem. at 2.) Finally, the decisions regarding her medical leave and termination were made by Medcor employees in Illinois. (*Id.*)

Medcor argues that this case is similar to *Shorter v. Peaches Uniform, Inc*, 10 C 2232, 2012 WL 3882322 (E.D. Cal. Sept. 6, 2012). In *Shorter*, an employee who worked out of her home in California for a Texas employer filed a wrongful termination lawsuit in California. The court held that Texas's interest in applying its laws outweighed California's interest because "virtually every relevant contact" was with Texas and the only connection to California was the employee's residence. *Id.* at *5. The employer was based in Texas, the employment agreement was formed in Texas, the employee's work was submitted to supervisors in Texas, and the employee's work, performed remotely from California, was unrelated to the employer's business in California. *Id*.

Here, as in *Shorter*, only McCormack's residence weighs in favor of applying California law. The dispute is unrelated to her California residence. Instead, it turns on an employment agreement with an Illinois employer that was formed when McCormack was not even a California resident. (Mem. at 2.) Medcor performed the majority of her work outside of California, (Resp. at 2), and the work she did perform from her home in California was unrelated to Medcor's business in the state, (Mem. at 2). Moreover, McCormack makes no attempt to

distinguish *Shorter* from the facts of this case.[1]  Accordingly, we find that Illinois has more relevant contacts to the present case than California, and thus Illinois's interests would be more impaired if we did not apply its law.

In sum, using California's governmental interest choice-of-law test, we conclude that Illinois law applies to the present case.

## II.     FAILURE TO STATE A CLAIM

Having determined that Illinois law applies, we now turn to the substance of Medcor's motion to dismiss.  First, Count II alleges discriminatory discharge under common law. McCormack concedes that this claim cannot stand under Illinois law.  (Resp. at 4.)  *See O'Connell*, 2011 WL 4916464 at *10; *Stebbings*, 312 Ill. App. 3d at 366, 726 N.E.2d at 1141. Therefore, we dismiss Count II with prejudice.

Next, Count IV of McCormack's complaint alleges that Medcor breached an implied covenant of good faith and fair dealing in the employment agreement by terminating her.  As discussed above, Illinois does not recognize an independent cause of action against an employer for such a duty.  *Marron*, 2012 WL 182234 at *3.  Accordingly, Count IV is dismissed without prejudice.  McCormack may amend her complaint, if she can do so consistent with Illinois state law.

---

[1] The parties did not identify many cases that address choice-of-law questions where an employee in California worked remotely for an out-of-state employer.  Our research likewise found a limited number of applicable cases, but one that we will distinguish here is *Gelber v. Leonard Wood Mem'l For Eradication of Leprosy*, 7 C 1785, 2007 WL 1795746 (N.D. Cal. June 21, 2007).  In *Gelber*, a plaintiff who worked from home in California filed a Title VII claim in California courts against his out-of-state employer.  *Id.* at *1.  The plaintiff, a California resident, worked from home and traveled domestically and internationally on behalf of the employer, which was based out-of-state.  *Id.* at *1.  The court denied the employer's motion to transfer venue, largely because the plaintiff resided in California and performed a significant portion of his employment there, but also because his Title VII claim afforded his choice of forum "even stronger deference."  *Id.* at *3.  In part because this is not a Title VII case, we find that the court's analysis in *Shorter* is more persuasive than *Gelber*.

Finally, in Count V, McCormack alleges that Medcor violated the California Labor Code by failing to pay wages upon her termination. Because McCormack brought this claim under specific provisions of California statute, but Illinois law applies to this action, we dismiss Count V without prejudice. McCormack may replead this count under Illinois law, to the extent possible.

## CONCLUSION

For the reasons set forth above, Medcor's motion to dismiss Counts II, IV, and V is granted. Count II is dismissed with prejudice, and Counts IV and V are dismissed without prejudice to allow McCormack to replead under Illinois law. McCormack may file an amended complaint, consistent with this opinion, no later than December 1, 2014. It is so ordered.

_____
Marvin E. Aspen
United States District Judge

Dated: November 3, 2014
        Chicago, Illinois